

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-3028
Re: Authority of commissioners'
court, acting in conjunc-
tion with constable, to ap-
point county traffic officer.

This will acknowledge receipt of your letter of
January 4, 1941, requesting the opinion of this department
upon the following question:

"By virtue of Article 6699, R. C. S., may the
Commissioners' Court of Anderson County, acting
in conjunction with a constable, employ a regular
deputy to be known as a county traffic officer to
enforce the highway laws of this State regulating
the use of the public highways by motor vehicles
and pay said deputy out of the motor registration
fees as provided for in said Article?"

Article 6699, Vernon's Annotated Civil Statutes,
reads as follows:

"The Commissioners Court of each county,
acting in conjunction with the Sheriff, may
employ not more than two (2) regular deputies,
nor more than two (2) additional deputies for
special emergency to aid said regular deputies,
to be known as county traffic officers to en-
force the highway laws of this State regulat-
ing the use of the public highways by motor
vehicles. Said deputies shall be, whenever
practicable, motorcycle riders, and shall be
assigned to work under the direction of the
Sheriff. They shall give bond and take oath
of office as other deputies. They may be
dismissed from service on request of the Sher-
iff whenever approved by the Commissioners

A. G. FILE No. 0-3028

Court, or by said Court on its own initiative, whenever their services are no longer needed or have not been satisfactory. The Commissioners Court shall fix their compensation prior to their selection, and may provide at the expense of the county, necessary equipment for said officers. The pay of said deputies shall not be included in the settlements of the Sheriff in accounting for the fees of office. For the purpose of this law, the Commissioners Courts of counties whose funds from the motor registration fees provided herein amount to Thirty Thousand Dollars ($30,000) or over, may use not exceeding five (5) per cent of said funds; and not to exceed seven and one-half (7½) per cent of such funds in counties receiving a lesser amount from such registration. Said deputies shall at all times cooperate with the police department of each city or town within the county, in the enforcement of said traffic laws therein and in all other parts of the county, and shall have the same right and duty to arrest violators of all laws as other Deputy Sheriffs have." (Underscoring ours)

Article 6699a reads as follows:

"Deputies shall be paid a salary out of the general county fund not to exceed one hundred and fifty ($150) dollars per month, the salary to be fixed by the commissioners' court, and in addition thereto the commissioners' court is hereby authorized to provide at the expense of the county such necessary uniforms, caps and badges, such badges to be not less than two inches by three inches in dimensions, and other necessary equipment, to include a motorcycle and its maintenance, as is necessary for them to discharge their duties. The salaries paid to said deputies acting as such highway officer shall be paid direct to said deputies by the commissioners' court, and such salaries shall be independent of any salary or fee paid

Honorable Luther C. Johnston, page 3

to the sheriff and all of his deputies not so
acting as highway officers, and the sheriff
shall not be required to account for the sal-
aries provided for herein as fees of office or
as salary to the sheriff or his other deputies.
Such deputies as are provided for herein shall
be appointed by the commissioners' court and be
deputized by either the sheriff or any constable
of the county in which they are appointed, and
no other officers shall make arrests in this
State for violation of laws relating to high-
ways now in effect in this State. Such deputies
as provided for herein shall at all times when
in the performance of their duties wear a full
uniform with a cap and badge, the badge to be
displayed on the outside of the uniform in a
conspicuous place. Such officers shall remain
in and upon the highway, and at all times pa-
trol the same while in the performance of their
duties, only leaving the highway to pursue any
offender whom such officers were unable to ap-
prehend upon the highway itself. No arrest by
any such officer shall be binding or valid up-
on the person apprehended if the officer making
such arrest was in hiding or if he set a trap
to apprehend persons traveling upon the high-
way. No fees or charges whatever shall be
made for the service of such officers provided
for herein, nor shall any fee for the arrests
made by such officers be charged and taxed as
costs or paid to such officers in any case in
which such officers shall make an arrest. Such
officers shall perform all their duties and
make arrests for violation of any law of this
State appertaining to the control and regula-
tion of vehicles operating in and upon any high-
way, street, or alley of this State. The dis-
trict engineer in whose district the county in
which such officers operate shall advise with
such officers as to the enforcement of the var-
ious State laws pertaining to control and regu
lation of traffic upon the highways, and in case
such officers shall not perform their duties in
enforcing such laws, the district engineer may

complain to the commissioners' court, and upon the filing of such complaint in writing duly signed by the district engineer, the commissioners' court shall summons before them for a hearing the officer or officers so complained of, and if such hearing develops that such officer or officers are not performing their duties as required of them, then such officer or officers shall immediately be discharged from all of their duties and powers as herein provided for, and other officers shall forthwith be appointed.  Should any portion or section of this article be held invalid or unconstitutional, such holding shall not affect the validity or constitutionality of any other portion of this article, and all other portions not held invalid or unconstitutional shall remain in full force and effect." (Underscoring ours)

Articles 6699 and 6699a (Acts 1925, p. 202) of Vernon's Annotated Civil Statutes, construed together seem to indicate that the commissioners' court may act in conjunction with either the sheriff of the county or a constable in appointing county traffic officers.  Let us examine the legislative history of these articles and determine whether or not this is a proper construction to be given them.

Article 6699 of the Revised Civil Statutes of Texas, 1925, first became the law in this State in 1919 by an act of the 36th Legislature (Acts 1919, ch. 127, p. 228).  This act conferred on the commissioners' court the right "to employ one or more Special Deputy Sheriffs" to be "assigned to work under the direction of the sheriff of the County."  The purpose was to "insure the adequate enforcement of the Traffic Laws of this State, and especially the laws regulating the use of motor vehicles and motorcycles on the public highways, . . . and also the Acts regulating the use of the public highways by motor vehicles. . ."  Sec. 1, Ch. 127, Acts 1919.

Section 3 of the Act provided that,

"The number of said officers and the length of their service shall be determined by the Commissioners' Court, acting in conjunction with the Sheriff of the County, and they shall be required to give bond and take oath of office as other Deputies.  They may be dismissed from service on request of the Sheriff, whenever ap-

Honorable Luther C. Johnston, page 5

proved by the Commissioners' Court, or by the Commissioners' Court upon their own initiative, whenever their services are no longer needed, or have not been satisfactory.  . . .'

Note that the act in its entirety deals with deputy sheriffs and does not mention constables or deputy constables.

Sec. 4 of the Act (and this is important) provided only for the compensation and equipment of such deputy sheriffs in the following language:

"The compensation of said deputies shall be fixed by the Commissioners' Court prior to their selection, and in addition thereto said Commissioners' Court shall be authorized to provide, at the expense of the County, necessary equipment for said officers to enable them to discharge their duties. The pay of said deputies shall not be included in the settlements of the Sheriff in accounting for the fees of office, but shall be independent thereof."

In 1925 the Legislature codified Chapter 127 in its entirety as Article 6699. This article as at the time of codification appears on pages 1 and 2 of this opinion, with the exception of the portion underscored, which was provided by an amendment of 1927.

The same session of the Legislature that codified Chapter 127 of the Acts of 1919 as Article 6699, enacted Article 6699a. This Act was chapter 58, p. 202, of the Acts of 1925. It became effective 90 days after adjournment (March 19, 1925) or June 18th. Until that date Chapter 127 alone was the law. From that date until September 1st, 1925, the effective date of the Revised Civil Statutes, Chapter 127 and Chapter 58 (Art. 6699a) were both the law except insofar as the latter repealed the former.

Under Chapter 104 of the Acts of 1925, the supervisor of the codification was required to insert therein acts of the 39th Legislature (1925) which modified any article, chapter or title of the code, but which were not express amendments or reenactments thereof. Consequently, Article 6699a was merely inserted in the codification after Art. 6699, although the Act purports to amend Chapter 127 of the Acts of the 36th Legislature,

which became Article 6699.

According to its caption Article 6699a (Ch. 58, Acts, 1925) was "An act amending Ch. 127 of the General Laws of the Regular Session of the Thirty-sixth Legislature, relating to highway officers." (Emphasis added) It will be remembered that the only highway officers set forth in Ch. 127, however, were special deputy sheriffs appointed by the commissioners' court in conjunction with the sheriff.

The caption specified the purposes of the amendment as

". . . so as to require the wearing of uniforms and badges; and requiring such officers to patrol the public highways in the performance of their duties; fixing and providing for the payment of salaries of such officers, . . ."

In other words, the caption of this enactment (Ch. 58, Acts 1925) gave notice simply that the purpose of the act was to provide uniforms, prescribe duties and fix compensation of the officers designated in the act amended, Ch. 127, Acts 1919. The body of the act, however, amended not Chapter 127 in its entirety but only section 4 thereof (which we recall related only to compensation of special deputy sheriffs.)

In addition to providing for uniforms, duties and compensation, the body of the act added the following matter, no mention of which is made in the caption:

"Such deputies as are provided for herein shall be appointed by the commissioners' court and be deputized by either the sheriff or any constable of the county in which they are appointed, . . ." (Emphasis added)

It is our opinion that this particular provision providing for the appointment of deputy constables as well as deputy sheriffs is foreign to Chapter 127 of the acts of 1919 and notice of this new subject not having been given or expressed in the caption of Chapter 58 of the acts of 1925, the same is void and of no force and effect under Section 35 of Article 3 of the Constitution of Texas, providing in part:

Honorable Luther C. Johnston, page 7

"No bill, . . . shall contain more than one subject which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

Under this section of our Constitution it has been held that the caption must give notice of the nature of the amendment (Katz v. State, 122 Cr. R. 231, 54 S. W. (2d) 130), In Re: American Rio Grande Land & Irrigation Co., D. C., 21 F. Supp. 492, modified, C.C.A., 103 F. (2d) 509, cer. den. 60 S. Ct. 88, 308 U.S. 573), and where the caption of an a-mendatory act specifies a particular field of the amendment and states that the act is to make certain changes in a prior statute, the amendment is limited to the making of the speci-fic change designated and any additional, contrary or differ-ent amendment is precluded. Landrum v. Centennial Rural High School District #2, (C.C.A.) 134 S.W. (2d) 353.

This construction is in accordance with previous opinions of this department.

In opinion No. O-2444 we held that as to county traf-fic officers appointed under Article 6699b, Vernon's Annotated Civil Statutes, the Sheriff and not the Commissioners' Court has the right to direct, in detail, their duties.

In opinion No. O-1282 we held that such officers are in fact deputy sheriffs, saying:

"Such officers are in fact deputies, working under the direction of the sheriff. However, such officers are a special class of deputies, known as county traffic officers, and prior to the amendment of Art. 6699 by the 45th Legislature their duties were confined solely to enforcement of the highway laws of this state and to this field their authority was limited. Since the amendment by the 45th Legis-lature, Art. 6699, supra, the Legislature has been fit to broaden their field of operation by giving said deputies or county traffic officers the right and duty to arrest violators of all laws."

Honorable Luther C. Johnston, page 8

Consequently, it is the opinion of this department and you are advised that the county traffic officers provided for in Article 6699 and 6699a of Vernon's Annotated Civil Statutes, should be appointed by the commissioners' court of a county, acting in conjunction with the sheriff of that county, and not acting in conjunction with a constable.

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:js

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *James D. Smullen*
James D. Smullen
Assistant